UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| JOANN M. TAKACS, | : | CASE NO. 1:20-cv-02120 |
|  | : |  |
| Plaintiff, | : | OPINION & ORDER |
|  | : | [Resolving Doc. 17] |
| v. | : |  |
|  | : |  |
| COMMISSIONER OF SOCIAL | : |  |
| SECURITY, | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

After successfully helping Plaintiff Joann M. Takacs appeal her denial of Social Security benefits, Plaintiff's counsel now seeks attorneys' fees for work performed on this case under 42 U.S.C. § 406(b).[1] Specifically, Plaintiff's counsel seeks $14,900.23, which is 25% of the past-due Social Security benefits awarded to Plaintiff.[2] Defendant Commissioner of Social Security does not oppose.[3]

Section 406(b) caps attorneys' fees at 25% of past-due Social Security benefits.[4] But that does not mean counsel automatically receives 25% of a successful plaintiff's past-due benefits. Courts must still review any fee request to make sure that it is reasonable.[5] In the Sixth Circuit, a 25% fee is presumed to be reasonable unless (1) counsel acted improperly or ineffectively, or (2) counsel would receive an undeserved windfall for relatively minimal effort.[6]

---

[1] Doc. 17.
[2] Doc. 17-2 at 2; Doc. 17-4 at ¶ 15; Doc. 17-5 at 9 (PageID # 954).
[3] Doc. 18.
[4] 42 U.S.C. § 406(b).
[5] *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).
[6] *Hayes v. Sec'y of Health & Hum. Servs.*, 923 F.2d 418, 420–21 (6th Cir. 1990) (citation omitted).

Case No. 1:20-cv-02120
GWIN, J.

Here, there is no evidence that counsel acted improperly or ineffectively. When she hired counsel, Plaintiff Takacs specifically agreed to allow her counsel to seek up to 25% of her past-due benefits.[7] Counsel then successfully won a remand from this Court.[8] And on remand, Plaintiff was found to be disabled.[9]

Nor would $14,900.23 be an undeserved windfall. Plaintiff's counsel spent a total 35.20 hours on the district court appeal in this case.[10] That translates into a hypothetical hourly rate of about $423.30. Courts in this district have recently found that a hypothetical hourly rate of about $450 is reasonable.[11] Similarly, the Court finds that counsel's requested fee in this case is reasonable.

Finally, the Court notes that an attorney receiving fees under both Section 406(b) and the Equal Access to Justice Act must refund to the client the smaller of the two fee awards.[12] Plaintiff's counsel has already agreed to refund the $6,609.76 received under the Equal Access to Justice Act once the Section 406(b) fees are received.[13]

For these reasons, the Court **GRANTS** the motion for attorneys' fees and awards $14,900.23 to Plaintiff's counsel on the condition that Plaintiff's counsel refunds to Plaintiff Takacs the $6,609.76 in fees that the Court awarded under the Equal Access to Justice Act.

---

[7] Doc. 17-5 at 2–3 (Ex. A).
[8] Doc. 14.
[9] Doc. 17-4 at ¶ 6; Doc. 17-5 at 7–14 (Ex. C).
[10] Doc. 17-5 at 5 (Ex. B).
[11] *See, e.g.*, *Nimrod v. Comm'r of Soc. Sec.*, No. 1:20-CV-00678, 2023 WL 2431990, at *2 (N.D. Ohio Mar. 9, 2023) ($450/hr); *Barnard v. Comm'r of Soc. Sec.*, No. 1:18-CV-1334, 2023 WL 1929942, at *2 (N.D. Ohio Feb. 10, 2023) ($450/hr); *Parks v. Comm'r of Soc. Sec.*, No. 5:20-CV-634, 2023 WL 1929946, at *2 (N.D. Ohio Feb. 10, 2023) ($468.49/hr).
[12] *Easton v. Comm'r of Soc. Sec.*, No. 4:18-CV-2289, 2023 WL 144581, at *1 (N.D. Ohio Jan. 10, 2023) (citing Awards in Certain Social Security Proceedings, Pub. L. No. 99-80, § 3, (1985)).
[13] Doc. 17-2 at 5; Doc. 17-4 at ¶ 15.

Case No. 1:20-cv-02120
GWIN, J.

      IT IS SO ORDERED.


Dated: October 10, 2023                 *s/      James S. Gwin*

                                         JAMES S. GWIN
                                         UNITED STATES DISTRICT JUDGE